D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY DONATO,

                             Petitioner,

           -against-

FEDERAL BUREAU OF PRISONS,

                             Respondent.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-4897 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Anthony Donato ("Petitioner"), currently detained at Federal Correctional Institution Sandstone ("FCI Sandstone"), petitioned this court on October 1, 2013, for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner claims the Federal Bureau of Prisons's decision to assign him to FCI Sandstone in Minnesota was arbitrary and capricious, discriminatory, and violated his procedural due process and equal protection rights because it was based on allegedly false statements contained in his inmate file. (Pet. for Writ of Habeas Corpus (Dkt. 1) at 9.) Petitioner seeks expungement of these statements from his file and a new facility designation process, by which he predicts he will be transferred to a facility closer to the New York area. (Id. at 14.)

Because Petitioner challenges an aspect of his confinement rather than the validity of his conviction and sentence, he has properly proceeded under 28 U.S.C. § 2241. Section 2241 provides for challenges to duration or condition of confinement and other instances in which § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

However, under the "immediate custodian rule" or "district of confinement rule" only the district court of the district in which the habeas petitioner is held has jurisdiction over a § 2241

1

petition challenging present physical confinement. Rumsfeld v. Padilla, 542 U.S. 426, 449 (2004). The Supreme Court has articulated a clear rule for "core" habeas proceedings: "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447.

Petitioner may not rely on Braden v. 30th Judicial Circuit Court of Kentucky, 93 S. Ct. 1123 (U.S. 1973) to support his invocation of this court's jurisdiction. "Braden in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction. . . . Braden does not derogate from the traditional district of confinement rule for core habeas petitions challenging present physical custody." Padilla, 542 U.S. at 445 (citing Al-Marri v. Rumsfeld, 360 F.3d 707, 711 (7th Cir. 2004); Guerra v. Meese, 786 F.2d 414, at 417 (D.C. Cir. 1986)).

Nor does 28 U.S.C. § 2241(d) grant this court jurisdiction. Section 2241(d) applies only "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence *of a State court* . . ." 28 U.S.C. § 2241(d) (emphasis added); see also Padilla, 542 U.S. at 443. Here, Petitioner was sentenced in federal court, and thus this section does not apply.

Therefore because it lacks jurisdiction, the court dismisses the petition without prejudice. Petitioner may refile his petition in the District of Minnesota. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
November 6, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge